THE defendent lost a military certificate, which was his property, and procured a duplicate thereof from the auditor for public accounts, in the manner prescribed by the statute of may session, 1783, chap. 1. before the date of the duplicate, another man sold the certificate, then in his possession, to the plaintiff, who paid a valuable consideration for it, at that time not knowing it to have been lost by the defendent. the duplicate was returned.
These facts were stated in a special verdict, found on a new trial of the issue, in an action of trover, brought by the present defendent against the present plaintiff in the district court of Dumfries; which new trial this court directed by (a) consent of parties.__
*Opinion of the court the day of September, 1794.
A military certificate is transferable-by simple delivery of it; and therefore the holder of it is presumed to be the owner, and to have derived a right to it immediately from the officer or soldier to whom it was originaly granted.
But against this presumption proof of the contrary may prexionderate: and here is sufficient proof of the contrary.
That the man from whom the plaintiff bought the certificate, had acquired a right before the loss, may be confidently denied, because a jury, whose veracity in such a case cannot be controverted, affirm it at that time to have been the property of the defendent.
And that it was assigned by the defend-ent afterwards, is so incredible that it may be denied with confidence justified by these considerations; 1, the plaintiff in his bill doth not alledge such an assignment to have been made, which undoubtedly he would have alleged, requiring a discovery, if he had even suspected it to be true; 2, the defendent procured a duplicate of the lost certificate, which he must have known to be worthless if the original should be produced: and which was accordingly returned, to be canceled, when the original was discovered to have been found, and claimed by another; and 3, no man, as is supposed, would have bought the lost certificate from the defendent, if he had offered it for sale.
Payment of value for the certificate doth not alter the question, which is only, whether one can transfer a right which he hath not to another?
Nor is this case like the case of lost money found and paid away, where the identity of the money cannot be proved, cannot be proved, is said, because where the money can be identified, e. g. if the lock of a casket or chest or seal of a bag in *274 which it was deposited appear not to have been broken, it is not distinguished from the case of any other thing found, or taken from the owner by stealth or violence.
Neither is this case like the case of a bill of exchange with a blank indorsement, which the holder may fill up with his own name, or like the case of an order payable to bearer, by the terms of which those who possess the draughts are empowered to receive the money.
DECREE, (b)
*That the plaintiff restore the certificate with all the interest thereon received, to the defeudent; or pay the value of the principal money and interest to him; and also in either case pay the costs.*

 The causes, for which the plaintiff, by his bill, prayed a new trial, with an injunction in the mean .time, to be awarded, were. 1, the jury without hear-ingtfie question of right argued by counsil. and although they were instructed by the counsil of both parties, that the question would be discussed before and decided by the court, and that assessment of the damages, subject to the opinion of the court, was the only matter refered to the jury, nevertheless returned a general verdict for the defendent; and having resumed their seats hy direction of the court in order to hear the arguments of counsil, one of the jurors, whilstthey were attending to those arguments, being seised with a convulsion paroxysm, was necessarily removed, and was not able to reassociate with his fellows before the term for the courts session encVd; notwithstanding all which the court, haying rejected a motion for the plaintiff to set aside the verdict, and award another trial, recorded the verdict, and entered a judgment accordingly, a, one of the jurors informed the plaintiff, after having heard what had been urged by his counsil, he the juror was not satisfied with his former opinion, and that he believed, upon a second consideration of the matter, a different verdict would have been rendered, and 3, the damages* were alleged to be excessive, whether for these causes or any of them a court of equity ought to have directed a. new trial? was not determined in this case, the defendent without answering the bill, having consented that the new trial be directed, see the cases between Eloomes and Kuhn, Cochran and Street, and Cobbs and Mosby 28 day of October, 1791. — Note in edition of 1795.

[* which cases are all in this volume. — Ed.]—Note in edition of 1853.

 This decree condemning a plaintiff to pay money to a defeudent who had not demanded it by a cross bill, is believed to be supportable upon the same grounds as a decree against a plaintiff bringing a bill for an account, besides, if this court could only have dissolved the injunction, the defendent could have recovered no more than the damages assessed by the first verdict; for the district court could not have entered a judgement on the second verdict, the action not then depending.— Note in edition of 1795.

In this case W. took two appeals: one from the judgment of the District Court: and the other from the decree of the H. C. C. The Court of Appeals. 1 Call. 435-450, reversed the decree of the H. O. C. in discharging the appellant from the damages recorded against him, on his delivering up the certificate and paying the interest received, since that option gave him an unreasonable advantage; and in the other alternative, the modification of relief was improper.
The abstract of the case says:
1. If a military certificate be lost, and after sold to a bona fide purchaser without notice, still the original owner may maintain trover for it, against the innocent vendee.
2. The Court of Chancery may on granting a new trial in the same Court, order the verdict to be certified into the Court of Chancery and proceed to make a final decree in the cause. See Myers et al. v. Friend et al. 1 Ran. 12; Mayo v. Bentley, 4 Call, 556. — Note in edition of 1852.